

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 28, 2011

BY HAND
Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   United States v. Mohammed Junaid Babar
>         04 Cr. 528 (VM)

Dear Judge Marrero:

The Government respectfully submits this letter in response to the Court's February 17, 2011 Order to show cause why the sealed documents filed in the above-referenced case should not be made public.[1] As the Court is aware, Babar has been cooperating with the Government since 2004, and has provided a wealth of information about numerous individuals engaged in violent terrorist activities around the world. He has also testified as a prosecution witness in four terrorism trials overseas, specifically in England and Canada, and was prepared to testify in a fifth terrorism trial in this District last year. In total, nine defendants were convicted of terrorism offenses in those five trials, and five of them were subsequently sentenced to life imprisonment. During the nearly seven-year period of Babar's cooperation, the Government has requested that the Court file certain documents relating to his case under seal because the public disclosure of these documents at the time they were filed could have jeopardized the safety of Babar and his family and/or could have compromised ongoing terrorism investigations.

After receiving the Court's February 17, 2011 Order, the Government reviewed each of the nine documents filed in the case that are currently under seal, and considered the need for continued sealing in light of the universe of public information currently available about Babar.[2]

---

[1] By this letter, the Government also responds to the Court's Order dated today based upon the request of Reuters News.

[2] According to the docket sheet for the case, the nine documents are numbered 20 through 22 and 24 through 30. Documents 25 and 26 are two copies of the same filing. For purposes of this letter, the Government will refer to both documents collectively as document 25.

Based on that review, the Government has concluded that there is no longer a compelling interest to warrant the continued sealing of five of the documents in their entirety. These documents consist of (i) the Government's 5K letter (document 28); (ii) defense counsel's sentencing submission (document 29); and (iii) three Government letters requesting the adjournment of Babar's sentencing date (documents 22, 24 and 27). Accordingly, the Government has no objection to the unsealing of documents 22, 24, 27, 28, and 29 in their entirety.

With respect to the remaining four documents (documents 20, 21, 25 and 30), for the reasons set forth below, the Government objects to the unsealing of those documents in their entirety. However, the Government has no objection to the unsealing of three of the documents with the limited redactions proposed below.

First, document number 30 is a one-page letter submitted by Babar himself to the Court accompanied by a cover letter from his attorney. The Government has concluded that there is no longer a compelling interest to warrant the continued sealing of this document, with the exception of two sentences in Babar's letter to the Court. The Government respectfully submits that the sixth and seventh sentences of the letter should be redacted because (i) there is a substantial probability that the disclosure of the information in these sentences will jeopardize a compelling interest of the Government and the defendant, namely, Babar's safety and the safety of his family; and (ii) redaction of the sentences, as opposed to sealing the entire letter, is a narrowly tailored remedy that protects this compelling interest. See United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005).

The Second Circuit has recognized that the public's right access should yield where publicity might jeopardize the safety of individuals based on their work for the Government. See United States v. Cojab, 996 F.2d 1404, 1408 (2d Cir. 1993) (finding sealing appropriate where disclosure would potentially compromise the safety of undercover Government agents); see also United States v. Zazi, Nos. 09 Cr. 663 (RJD), 10 Cr. 19 (RJD), 2010 WL 2710605, *3 (E.D.N.Y. 2010) (noting that the safety of cooperating defendants and their families is an interest that "courts have recognized as sufficiently compelling to justify sealing"). In addition, the Second Circuit has acknowledged that an individual's privacy interests must also be weighed against the public's right to access. See United States v. Doe, 63 F.3d 121, 127 (2d Cir. 1995) (citation omitted). Applying this standard, courts have authorized the redaction of family-related portions of materials submitted by a defendant in connection with sentencing, finding that "disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process." United States v. Sattar, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (Koeltl, J.); see also United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[F]amily affairs . . . with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

Although Babar's cooperation with the Government has been well-publicized, it does not follow that every detail of his family life should therefore become a matter of public record, particularly where, as here, he submitted his letter to the Court through his attorney with the

2

expectation that it would remain under seal. Both Babar's and the Government's compelling interest in keeping Babar and his family safe, and Babar's independent privacy interest, weigh heavily in favor of redacting the sixth and seventh sentences of Babar's letter to the Court. Moreover, any interest justifying the public disclosure of the information in sentences six and seven is, at most, minimal. The Government therefore objects to the unsealing of document 30 in its entirety. Accordingly, the Government encloses a copy of document 30 (as Exhibit A) in which the sixth and seventh sentences are redacted, and respectfully requests that the Court publicly file this redacted version and maintain the unredacted version under seal.[3]

Second, documents 20 and 21 are Government requests for limited unsealing orders made on behalf of the Crown Prosecution Service in England in connection with Babar's testimony at a terrorism trial in England in early 2009. The Government has concluded that there is no longer a compelling interest to warrant the continued sealing of these documents, with the exception of an extremely limited portion of one sentence within each document. The Government respectfully requests that these redactions are warranted for the same safety-related justification as the redactions in document 30. Public disclosure of these extremely limited portions of each letter could seriously jeopardize the safety of Babar and his family, and would not further any of the interests associated with public scrutiny of the sentencing process. See Sattar, 471 F. Supp. 2d at 388. Accordingly, the Government encloses redacted copies of documents 20 and 21 (as Exhibits B and C respectively), and respectfully requests that the Court publicly file these redacted versions and maintain the unredacted versions under seal.

Third, based on the same compelling safety-related interests described above for the proposed redactions within documents 20, 21 and 30, the Government has concluded that the unsealing of document 25 is not possible without jeopardizing those interests. Because the subject matter of document 25 as a whole is extremely sensitive as it could leave Babar and his family extremely vulnerable from a safety standpoint, the Government respectfully submits that nearly the entire document would need to be redacted. This significant level of redaction would render the redacted version of the document largely meaningless to the reader. Moreover, should the Court grant the Government's requests described above, all of the other documents filed in connection with this case – a case in which the defendant's cooperation is ongoing – would be publicly available, with three of them containing very minor redactions. Document 25 is the only document the Government seeks to keep under seal at this time because of the compelling interests described above, coupled with the fact that the defendant's cooperation is continuing. If the Court agrees that continued sealing is warranted, the Government represents that it will reconsider the continued sealing of document 25 when the defendant's cooperation is complete or sooner if the circumstances warrant.

---

[3] Consistent with the Court's February 18, 2011 Order, the Government has filed this letter publicly without reference to any sensitive information. Should the Court require additional information in support of the Government's arguments, the Government requests the opportunity to provide such information in a supplemental letter under seal.

Finally, the Government has conferred with Daniel Ollen, counsel for Babar, and he has indicated that the defense does not object to the Government's requests described above.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Brendan R. McGuire
Assistant United States Attorney
(212) 637-2220

Enclosures

cc:    Daniel J. Ollen, Esq. (w/o enclosures)
       Jonathan Dienst (w/o enclosures)
       David McCraw, Esq. (w/o enclosures)
       Basil Katz (w/o enclosures)